IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LINETTE MANUEL,<br><br>    Plaintiff,<br><br>v.<br><br>PRUITTHEALTH, INC.,<br>PRUITTHEALTH- EASTSIDE, LLC,<br>UNITED HEALTH SERVICES OF<br>GEORGIA, INC.,<br><br>    Defendants. | )<br>)  Civil Action File No.:<br>)<br>)<br>)<br>)  JURY TRIAL REQUESTED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff, Linette Manuel ("Manuel" or "Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendants for interfering with the rights afforded to her by the Americans with Disabilities Act of 1990, as amended ("the ADA"), 42 U.S.C. §§ 12112(a) and (b)(5)(a) and 12117(a), Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), as well as the anti-retaliation provisions of those statutes, and in support thereof further states as follows:

### I. Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

2. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b) because all or a substantial portion of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## II.     Parties

3. Plaintiff Linette Manuel resides in Kathleen, Georgia and is a citizen of the United States. Plaintiff was employed by Defendants in Macon, Georgia (within this District).

4. Defendant PRUITTHEALTH, INC. is a corporation based in Norcross, Georgia, which conducts business within this State and District and maintains its principal place of business at which conducts business within this State and District and maintains its principal place of business at 1626 Jeurgens Court, Norcross, Georgia  30093.  PruittHealth, Inc. is a corporation specializing in health care.  Pruitt Health, Inc. is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5. Pruitt Health, Inc. was and is an "employer" within the meaning of the FMLA.

6. Defendant PRUITTHEALTH-EASTSIDE, LLC is a corporation based in Macon, Georgia, which conducts business within this State and District and

maintains its principal place of business at 2795 Finney Circle, Macon, GA 31217. PruittHealth-Eastside, LLC is a corporation specializing in health care. PruittHealth-Eastside, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.    PruittHealth-Eastside, LLC was and is an "employer" within the meaning of the FMLA and ADA.

8.    Defendant UNITED HEALTH SERVICES OF GEORGIA, INC. is a corporation based in Norcross, Georgia, which conducts business within this State and District and maintains its principal place of business at 1626 Jeurgens Court, Norcross, Georgia 30093. United Health Services of Georgia, Inc. is a corporation specializing in health care. United Health Services of Georgia, Inc. is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

9.    United Health Services of Georgia, Inc. was and is an "employer" within the meaning of the FMLA.

10.   Defendants were joint employers of Plaintiff.

### III.    Facts

11.  Plaintiff Linette Manuel was a Director of Health Services at Defendants' PruittHealth Eastside location.

12.  Plaintiff was under doctor's care between August 3-10, 2020. Plaintiff provided her employer with a doctor's note excusing her from work until August 5, 2020.

13.  On Tuesday, August 4, 2020, Plaintiff's physician informed her that she had been diagnosed with diabetes, and asked her supervisor, Mr. Wesley Jackson, to allow her an accommodation to take some time off, until August 10, 2020, to address her medical condition and symptoms thereof. Mr. Jackson approved Plaintiff's request for leave and told her to "get some rest."

14.  At 9:06 a.m. on August 7, Jackson called Plaintiff, telling her that a state surveyor was in the building for another infection control survey, and asking Plaintiff to come into the office. Plaintiff reminded Mr. Jackson that she was on medical leave and that one of her co-workers, Renee Cobb, PruittHealth's Regional Nurse Consultant, was capable of handled any such issues, to which Mr. Jackson replied, "OK. I didn't think about that." Plaintiff did not hear back from Mr. Jackson until she returned to the office on August 10.

15.  At approximately 10:45 a.m. on August 10, Plaintiff was called to the human resources officer's office, where PruittHealth Eastside's Human Resources employee April Hall and Mr. Jackson were waiting for her. Mr. Wesley informed

Plaintiff that she was being terminated because she was not in the building on Thursday or Friday.  Plaintiff responded that she had a doctor's excuse for her absence.  Mr. Jackson then became angry, interrupted Plaintiff, and stated that that Plaintiff's separation notice would be issued on "amicable or mutual terms."  After complainant told Mr. Jackson she would be contacting corporate over this matter, he stated "not in my building and you can exit right now."

16.	Ms. Manuel filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 13, 2020.  Ms. Manuel's Right-To-Sue letter from the EEOC was issued on or about July 26, 2021.

## IV.   CLAIMS

**COUNT ONE (against all Defendants) - Violation of the Family and Medical Leave Act**

17.	By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated provisions of the FMLA and corresponding federal regulations.

18.	As a result of Defendants' violations of the FMLA, Plaintiff's employment was terminated.

19.	Ms. Manuel was not provided with an adequate opportunity to submit certification of her medical condition as required by the FMLA.

20.	The FMLA provides up to 12 weeks of leave for qualified employees.

21.	Defendants interfered with Plaintiff's rights under the FMLA and terminated Plaintiff immediately upon returning to work because Plaintiff took medical leave.

22. Defendants have not made a good faith effort to comply with their recordkeeping and notice requirements of the FMLA.

23. As a result of the unlawful acts of Defendants, Plaintiff has been adversely affected in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

**COUNT TWO (against all Defendants)- Violation of the anti-retaliation provisions of the Family and Medical Leave Act**

24. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated provisions of the FMLA and corresponding federal regulations.

25. Shortly after Plaintiff returned to work from medical leave, Plaintiff's employment was terminated.

26. The FMLA provides up to 12 weeks of leave for qualified employees and protects employees from retaliation for taking medical leave.

27. Defendants did not make a good faith effort to comply with the FMLA with respect to their termination of Plaintiff.

**COUNT THREE (against Defendant PruittHealth-Eastside, LLC)- Intentional discrimination on the basis of disability in violation of the Americans with Disabilities Act, as amended**

28. Plaintiff suffers from diabetes.

29. Plaintiff requested an accommodation for her disability- medical leave.

30. Instead of accommodating Plaintiff's disability, Plaintiff was terminated while on medical leave to address her diabetes.

**COUNT FOUR (against Defendant PruittHealth-Eastside, LLC)- Violation of the anti-retaliation provisions of the ADA**

31. After being informed of Ms. Manuel's disability, PruittHealth-Eastside, LLC terminated Plaintiff's employment.

32. Defendants are liable to Ms. Manuel for compensatory and punitive damages, as well as attorney's fees and other costs of litigation, for their retaliation against/termination of Manuel after informing them of her disability.

## V. Prayer For Relief

WHEREFORE, the named Plaintiff prays for the following relief:

A. Damages for lost wages and benefits and prejudgment interest thereon;

B. Liquidated damages for lost wages and benefits and prejudgment interest thereon;

C. Damages for mental and emotional suffering caused by Defendants' misconduct;

D. Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

E. That Plaintiff be awarded reasonable attorneys' fees pursuant to the FMLA, ADA, and any other applicable statute, including, but not limited to O.C.G.A. §§ 13-6-11 and 9-15-14;

F.  That Plaintiff be awarded the costs and expenses of this action; and

G.  That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

## VI.   Conclusion

WHEREFORE Plaintiff respectfully requests a **trial by jury** on all of Plaintiff's claims which are so triable, and that judgment be entered in Plaintiff's favor and against Defendants on all counts set forth above.

Respectfully submitted this 16th day of August, 2021.

*Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109
Macon, GA  31201
404-994-3128
tyler@kaspersfirm.com

Counsel for Plaintiff